680 P.2d 348

**Charles R. GANTT, Plaintiff-Appellant Cross-Appellee,**

v.

**L & G AIR CONDITIONING and Transamerica Insurance Company, Defendants-Appellees Cross-Appellants.**

**No. 5953.**

Court of Appeals of New Mexico.

July 7, 1983.

Certiorari Quashed April 25, 1984.

Stephen F. Lawless, Richard V. Earl, McCulloch, Grisham & Lawless, P.A., Albuquerque, for plaintiff-appellant cross-appellee.

Gordon J. McCulloch, Bradley & McCulloch, P.A., Albuquerque, for defendants-appellees cross-appellants.

## OPINION

WOOD, Judge.

Plaintiff's claim for worker's compensation is based on injuries received when struck by a motor vehicle, driven by an uninsured motorist, about midnight of March 13, 1981. The appeal does not involve the question of a compensable injury under NMSA 1978, § 52–1–28. The appeal involves summary judgment proceedings concerned with the avoidance of compensation. There are two questions: (1) whether plaintiff was covered under the compensation policy issued by Transamerica Insurance Company; and (2) whether plaintiff's acceptance of a settlement under uninsured motorist coverage bars compensation under NMSA 1978, § 52–1–56(C).

### Whether Plaintiff was Covered

L & G Air Conditioning is a partnership consisting of plaintiff and Ortiz. Plaintiff is a "working partner". Defendants moved for summary judgment on the basis that "Plaintiff was not an employee within the meaning of the Workman's Compensation Act." This motion was denied; defendants' cross-appeal challenges the propriety of the ruling. Four arguments are presented on this issue.

■ (a) The deposition testimony of plaintiff raises factual issues as to whether the worker's compensation policy was intended to cover plaintiff as a working partner. If, in fact, the policy failed to provide

compensation coverage for a working partner, plaintiff may have a claim against the insurance agent for failure to obtain the intended coverage. *Jernigan v. New Amsterdam Casualty Company*, 69 N.M. 336, 367 P.2d 519 (1961); *Topmiller v. Cain*, 99 N.M. 311, 657 P.2d 638 (Ct.App.1983). This argument cannot sustain the denial of summary judgment because no such claim is made in this lawsuit, and the insurance agent is not a party to this lawsuit.

■ **(b)** Defendants assert that summary judgment should have been granted because a working partner is not eligible for compensation as an *employee*. *Jernigan v. Clark and Day Exploration Company*, 65 N.M. 355, 337 P.2d 614 (1959); *see* NMSA 1978, § 52–1–16 (Cum.Supp.1982). While this statement is correct, it is not true, as defendants assert, that "[t]he only issue is whether Plaintiff was an employee". The compensation policy may have been issued to cover working partners. *Jernigan v. New Amsterdam Casualty Company, supra.* The fact that plaintiff, as a working partner, was not an employee was not a sufficient showing entitling defendants to summary judgment.

**(c)** Defendants recognize that our compensation statute provides, in NMSA 1978 § 52–1–6(B) (Cum.Supp.1982): "An election to be subject to the Workmen's Compensation Act * * * by a partner * * * may be made by filing in the office of the superintendent of insurance * * * an insurance * * * undertaking as required by Section 52–1–4 NMSA 1978."

■ Defendants assert that once it showed that plaintiff was a working partner it was entitled to summary judgment unless plaintiff raised a factual issue as to filing of an insurance undertaking covering a partner. We do not agree. Defendants, as the movant, had the burden of making a prima facie showing that no genuine issue of fact existed in the case, and that they were entitled to judgment as a matter of law. This "burden cannot be discharged unless the record *upon which * * * [defendants] moved* reflected the lack of a genuine issue of material fact." (Emphasis added.) *Fidelity Nat. Bank v. Tommy L. Goff, Inc.*, 92 N.M. 106, 583 P.2d 470 (1978). Defendants made no showing of an absence of the *filing* of an insurance undertaking covering a working partner.

■ Defendants' brief points out: "There was no evidence before the Court * * * that any policy * * * was ever filed with the superintendent of insurance as required by the Act." It is undisputed that a compensation policy was in fact issued. Whatever the coverage under the policy, if defendants moved for summary judgment on ·the basis of no coverage for lack of filing, it was defendants' burden to show an absence of filing. They did not meet this burden. Thus we need not consider what consequences, if any, there may have been to plaintiff's claim due to lack of filing and need not consider plaintiff's improper attempt to raise a factual issue as to filing by attaching a document to his brief. *Baca v. Swift & Company*, 74 N.M. 211, 392 P.2d 407 (1964).

**(d)** Defendants assert the compensation policy issued by Transamerica excluded coverage for a partner. They rely on an exhibit to plaintiff's deposition entitled "Worker's Compensation Application". Although the name of the applicant is the same as the name of the insured in the policy that was issued, the application indicates that the applicant was a corporation; the policy identifies the insured as a partnership. Neither plaintiff nor Ortiz, his partner, signed the application; the agent signed as "producer".

■ There is an inference that the agent wrote the phrase "exclude partners" on the application. The showing is that the number of "employees" listed in the application, whether 3 or 4, included the plaintiff. We do not know whether this application was the basis of the policy that was in fact' issued, but we do know that *if* the "corporate" application is the basis for the premium charged, the premium included plaintiff's work as an "employee". *See Jernigan v. New Amsterdam Casualty Company, supra.*

█ The showing that an insurance agent, in filling in the answers on an application for a corporation, excluded partners, is insufficient to show that defendants were entitled to summary judgment on the question of coverage. In so holding, we have not considered the following "condition" in the policy that was issued: "If the insured is a partnership * * * such insurance as is afforded by this policy applies to each partner * * * as an insured only while he is acting within the scope of his duties as such partner * * *." This condition insures a partner as well as the partnership, however, there is nothing indicating the meaning of "such insurance as is afforded by this policy applies to each partner * *."

Defendants did not make a showing entitling them to summary judgment on the coverage issue. There being factual issues as to coverage, the motion for summary judgment was properly denied.

**Uninsured Motorist Settlement as a Bar to Compensation**

After plaintiff got out of the hospital, the insurance agent provided plaintiff with a compensation claim form which, when executed, was submitted to Transamerica by the agent. Subsequently, the agent informed plaintiff that Transamerica's position was that there was no compensation coverage.

The partnership had other insurance with Transamerica. One policy provided liability coverage for certain of the partnership's vehicles. It is undisputed that this policy also provided uninsured motorist coverage. The showing is that the operator of the vehicle that struck plaintiff was uninsured. Transamerica paid plaintiff $33,000.00 under the uninsured motorist coverage. The trial court granted summary judgment on the basis that plaintiff's acceptance of this settlement barred plaintiff from recovering compensation under the provisions of § 52–1–56(C). Plaintiff appealed.

Our decision as to the propriety of this summary judgment does not consider the actual wording of the uninsured motorist coverage. The portion of the policy providing such coverage is not in the appellate record and there is no claim that it was before the trial court. At oral argument the parties stated that there is no statutory form of uninsured motorist coverage. No contention is made that the wording of such coverage makes any difference in this case. However, *see* A. Larson, **The Law of Workmen's Compensation** § 71.23(b) (1982). Our decision is based on the contentions presented by the parties.

Section 52–1–56(C) provides:

The right of any workman * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer * * * shall not be affected by the Workmen's Compensation Act, but he * * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer shall operate as an assignment to the employer, his or its insurer * * * of any cause of action, to the extent of payment * * * for compensation * * *.

█ The purpose of § 52–1–56(C) is to prevent a double recovery by a worker and to provide reimbursement to an employer or insurer. *Garcia v. Middle Rio Grande Conservancy District*, 99 N.M. 802, 664 P.2d 1000 (Ct.App.1983); *Britz v. Joy Mfg. Co.*, 97 N.M. 595, 642 P.2d 198 (Ct.App. 1982). However, this purpose is not pertinent unless the statute applies to the facts of the case.

█ Section 52–1–56(C) applies only if the worker has received payment or recovered damages for injuries occasioned by the negligence or wrong of the third party. Thus, if the worker obtains a judgment against a third-party tortfeasor or settles the claim either with the third party or the third party's insurer, the worker at that point is barred from obtaining compensation thereafter. *Castro v. Bass*, 74 N.M. 254, 392 P.2d 668 (1964); *Brown v. Arapahoe Drilling Company*, 70 N.M. 99, 370

P.2d 816 (1962); *White v. New Mexico Highway Commission,* 42 N.M. 626, 83 P.2d 457 (1938). The reason is that the recovery from or payment on behalf of a third party is for the full loss and detriment suffered by the worker and makes the worker financially whole. *Castro v. Bass, supra; Strickland v. Roosevelt Cty. Rural Elec.,* 99 N.M. 335, 657 P.2d 1184 (Ct.App.1982).

There has been no recovery from or settlement on behalf of the uninsured motorist in this case. The settlement agreement, signed by plaintiff, releases only Transamerica and its agents and representatives. The "Release and Trust Agreement" which plaintiff appears to have signed on the line for a notary's signature, releases Transamerica from claims by plaintiff under the uninsured motorist coverage, and also provides:

(a) Transamerica is entitled to $33,000.00 "from the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery against any person or organization legally responsible for the bodily injury" of plaintiff.

(b) Plaintiff holds in trust, for the benefit of Transamerica, all rights of recovery plaintiff has against "such other person or organization" and plaintiff shall do nothing to prejudice such rights.

(c) If requested in writing by Transamerica, plaintiff shall take action to recover the $33,000.00 "as damages from such other person or organization * * *."

Defendants contend that it makes no difference that plaintiff still has a claim against the uninsured motorist. They assert that the $33,000.00 is a payment which made the plaintiff financially whole, that to allow plaintiff to collect under an uninsured motorist clause and also collect compensation would be a double recovery. Defendants remind us that § 52–1–56(C) refers to *payment* for injuries and assert that decisions concerning our uninsured motorist statute support the summary judgment.

The applicable uninsured motorist statute is the first of two sections appearing in NMSA 1978, as § 66–5–301 (Cum. Supp.1982). The coverage is mandatory "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of * * injury * * *." The legislative purpose was to place the insured in the same position as to the recovery of damages that he would have been in if the tortfeasor had possessed liability insurance. *Wood v. Millers Nat. Ins. Co.,* 96 N.M. 525, 632 P.2d 1163 (1981). Defendants emphasize this purpose stating "recovery under the uninsured motorist provisions of a policy is analogous [sic] to recovery from a third party tortfeasor's liability insurance carrier. In effect, the insurance carrier steps into the shoes of the uninsured third party tortfeasor in compensating the injured party." Defendants assert that no legal distinction should be made on the basis of who makes the payment or on what basis the payment is made.

The purported analogy is inapt for several reasons. Uninsured motorist coverage is a contract between the insured and the insurance company. *See Wood v. Millers Nat. Ins. Co., supra.* The legislative purpose is to protect the insured against the financially unresponsible motorist, not to protect the insurance company. *See Sandoval v. Valdez,* 91 N.M. 705, 580 P.2d 131 (Ct.App.1978). Although § 66–5–301 mandates such protection, the insured pays for it. A condition of that protection is that the injured person must be legally entitled to recover damages from the uninsured motorist, but once the condition is met, the payment received under the coverage is what is provided in the contract. In no sense is this analogous to recovery from a third-party tortfeasor; a closer analogy would be the receipt of payments, by the insured, under the medical payments portion of the insured's motor vehicle liability insurance or health insurance.

Nor does the insurer step into the shoes of the third-party tortfeasor; the wording of the "Release and Trust Agreement"

shows that any stepping is into the shoes of the insured.

This issue is not resolved by the purported relationship between Transamerica and the third-party tortfeasor or by § 65–5–301. Resolution depends upon the applicability of § 52–1–56(C).

 Section 52–1–56(C) is not a bar to plaintiff's pursuit of compensation because it does not apply. Section 52–1–56(C) "is intended to deny an injured workman both compensation from his employer and a recovery from the third party * * *." *Castro v. Bass, supra; Seminara v. Frank Seminara Pontiac-Buick*, 95 N.M. 22, 618 P.2d 366 (Ct.App.1980). Payments pursuant to uninsured motorist coverage are not a recovery from a third party.

 Section 52–1–56(C) does not apply to benefits received under insurance policies, such as uninsured motorist coverage, which have been purchased by the worker or for the worker's benefit. Such "private" insurance contracts benefit neither the compensation carrier nor the third-party tortfeasor. Benefits paid under such insurance contracts are not payments within the meaning of § 52–1–56(C) because "payment" in that statute means payments on behalf of the tortfeasor. Such benefits are not a "double recovery"; they are additional benefits provided by the contract purchased by the insured; specifically, the benefits are "contract" benefits determined by the injury but not payments for the injury itself. *Compare Segura v. Molycorp*, 97 N.M. 13, 636 P.2d 284 (1981).

Our decision is based on New Mexico law. We have not discussed decisions from other jurisdictions because of variations in statutory language and the different meaning given to provisions similar to § 52–1–56(C). For a general discussion on the relation of an uninsured motorist clause to provisions similar to § 52–1–56(C), *see Larson, supra*, § 71.

The trial court erred in ruling that plaintiff was barred from asserting a compensation claim on the basis that "collection of benefits under uninsured motorist coverage constitutes an election of remedies under" § 52–1–56(C). That statute does not apply, under the record in this appeal, to the payment plaintiff received under the uninsured motorist coverage.

The summary judgment in favor of defendants is reversed. Within 15 days after this decision becomes final, defendants are to pay the appellate filing fee of $20.00 to the Clerk of the Court of Appeals, and pay costs of $48.56 plus $11.60, certified by the Clerk of the District Court, to that Clerk. *Romero v. J.W. Jones Const. Co.*, 98 N.M. 658, 651 P.2d 1302 (Ct.App.1982).

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.