716 P.2d 238

**James H. RICHARDS,**
**Plaintiff-Appellee,**

v.

**MOUNTAIN STATES MUTUAL**
**CASUALTY COMPANY,**
**Defendant-Appellant.**

**No. 15827.**

Supreme Court of New Mexico.

March 25, 1986.

Ruud, Wells & Mande, John M. Wells, Albuquerque, for plaintiff-appellee.

Bradley & McCulloch, P.A., Katherine E. Tourek, Albuquerque, for defendant-appellant.

## OPINION

FEDERICI, Justice.

Plaintiff James H. Richards (plaintiff) brought a breach of contract action in the District Court of Bernalillo County against defendant Mountain States Mutual Casualty Company (defendant) to recover damages under an uninsured motorist policy. The district court found that the policy coverage provision clearly does not provide coverage for property damage to plaintiff's house but that the provision conflicts with the New Mexico uninsured motorist statute and is therefore void. The district court denied defendant's motion to dismiss and permitted the issue to be taken on interlocutory appeal. We affirm.

Plaintiff is the owner of a house and real property located in Bernalillo County. In 1984, Paul Romero, an uninsured motorist, negligently drove his vehicle onto plaintiff's property causing damage to plaintiff's house.

Plaintiff, at the time of the accident, had an automobile insurance policy with an uninsured motorist provision which had been issued by defendant. Plaintiff made a claim for payment for damage to his house as a result of this accident under the uninsured motorist section of this policy. Defendant denied the claim based on the policy coverage provision which in pertinent part states:

**I. Damages for Bodily Injury and Property Damage caused by Uninsured Motor Vehicles.**

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of:

\* \* \* \* \* \*

(b) injury to or destruction of (1) motor vehicle registered in New Mexico which is owned by the named insured or by his spouse if a resident of the same household, and to which the liability coverage of the policy applies and (2) property owned by the insured which is contained

therein, hereinafter called "property damage."

At the hearing on the motion to dismiss, the district court found that the policy coverage provision limiting coverage to the insured's vehicle and property contained therein is clear and unambiguous and does not provide uninsured motorist coverage for property damage to plaintiff's house. However, the defendant's motion to dismiss was denied because the district court found that the policy provision conflicts with the New Mexico uninsured motorist statute, NMSA 1978, Section 66–5–301 (Repl.Pamp.1984). Section 66–5–301(A) states:

No motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person and for injury to or destruction of property of others arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in New Mexico with respect to any motor vehicle registered or principally garaged in New Mexico unless coverage is provided therein or supplemental thereto in minimum limits for bodily injury or death and for injury to or destruction of property as set forth in Section 66–5–215 NMSA 1978 and such higher limits as may be desired by the insured, but up to the limits of liability specified in bodily injury and property damage liability provisions of the insured's policy, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, and for *injury to or destruction of property* resulting therefrom, according to the rules and regulations promulgated by, and under provisions filed with and approved by, the superintendent of insurance. (Emphasis added.)

The issue on appeal is whether the uninsured motorist statute and its particular reference to "injury to or destruction of property" is limited to property damage to the insured's vehicle and property therein. The inquiry centers on the legislative intent behind the statute.

Defendant contends that the reference in Section 66–5–301(A) to "injury to or destruction of property" should be limited to damages for an insured's vehicle and the property therein. Defendant cites *Lopez v. Foundation Reserve Insurance Co.*, 98 N.M. 166, 646 P.2d 1230 (1982) as support for its position. In *Lopez* we stated that: "[w]hen someone purchases general uninsured motorist coverage he is insured against bodily injury * * * * He also obtains a minimum amount of insurance against property damage to the insured vehicle." *Id.* at 169, 646 P.2d at 1233.

The issue in *Lopez* was whether an insured could "stack" uninsured motorist coverage when more than one vehicle was covered under a single policy. In *Lopez*, there was no question concerning the scope of property damage coverage and the court's remark concerning property damage to the insured vehicle was dictum.

■ In determining the legislative intent, we look "not only to the language used in the statute, but also to the object sought to be accomplished and the wrong to be remedied." *Chavez v. State Farm Mutual Automobile Insurance Co.*, 87 N.M. 327, 328, 533 P.2d 100, 101 (1975) (citing *Rodman v. State Farm Mutual Automobile Insurance Co.*, 208 N.W.2d 903 (Iowa 1973)).

■ The object of Section 66–5–301(A) is to compensate those persons injured through no fault of their own. *See Montoya v. Dairyland Insurance Co.*, 394 F.Supp. 1337 (D.N.M.1975) (citing *Chavez*). We have stated that the intent of the Legislature was to put an injured insured motorist in the same position with regard to damages that he would have been in had the tortfeasor possessed liability insurance. *Chavez.*

Defendant argues that the legislative intent of the uninsured motorist provision was not to replace insurance for all types

of property damage and that if the statute is not limited, insureds could claim that any property damage caused by an uninsured motorist would fall under the uninsured motorist provision of their automobile policy. The narrow interpretation of the statute advanced by the defendant would conflict with another statutory provision, NMSA 1978, Section 66–5–215(A)(3) (Repl. Pamp.1984) which requires that liability policies have a minimum coverage of $10,-000 for property damage. The type of property to be covered is not restricted.

■ Uninsured motorist coverage, as defendant suggests, was not intended to replace homeowner or household insurance. But it was the intent that uninsured motorist insurance be equal in scope to motor vehicle liability insurance. *See Jacobson v. Implement Dealers Mutual Insurance Co.*, 196 Mont. 542, 640 P.2d 908 (1982) (citing *Mullis v. State Farm Mutual Automobile Insurance Co.*, 252 So.2d 229 (Fla. 1971)). If the tortfeasor in this case had been covered by motor vehicle liability insurance, the property damage to plaintiff's building would have been covered by virtue of the requirement of Section 66–5–215. If the purpose and intent of the uninsured motorist statute is to place the injured policyholder in the same position that he would have been in if the tortfeasor had possessed liability insurance, then the damaged property should be covered.

This Court has stated that in interpreting statutes, "[w]hen two statutes are enacted by the legislature covering the same subject matter, one of them in general terms and the other in a more detailed way, the two should be harmonized, if possible, and construed together." *State v. Rue*, 72 N.M. 212, 216, 382 P.2d 697, 700 (1963) (citing 2 J. Sutherland, *Statutory Construction* § 5204 (3d ed. 1943).

■ In order to effectuate the Legislature's intent, a fair reading of Section 66–5–301 and Section 66–5–215 requires that damage to plaintiff's structure be covered by the uninsured motorist provision. We have recently indicated that interpretation of the statutory language must be "in accord with the broad objective of the uninsured/underinsured motorist statute." *Schmick v. State Farm Mutual Automobile Insurance Co.*, 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). We therefore construe the word "property" as that term is used in Section 66–5–301 and Section 66–5–215 to include coverage of plaintiff's house.

The result we have reached in this case is compelled through application of established principles of statutory construction. We believe it may be helpful to the courts in the future if the Legislature would review the uninsured motorists statutes for the purpose of stating more clearly the legislative intent.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

STOWERS and WALTERS, JJ., concur.