747 P.2d 249

**CONTINENTAL INSURANCE COMPANY, Plaintiff,**

v.

**Michael FAHEY, Defendant.**

No. 17008.

Supreme Court of New Mexico.

Dec. 21, 1987.

**604**

Farlow, Simone, Roberts & Weiss, Randall W. Roberts, Norman F. Weiss, Albuquerque, for plaintiff.

Roberts & Jolley, Val Jolley, Farmington, Franklin, Abernethy & Hughes, Perry C. Abernethy, Timothy Covell, Albuquerque, for defendant.

## OPINION

WALTERS, Justice.

We have accepted certification from the United States District Court of the following question:

> Whether an insurance company which provides both worker's compensation insurance and uninsured motorist coverage for a particular automobile accident is entitled, under a written provision of the uninsured motorist policy, to offset the amount recovered by the injured party under the worker's compensation policy against any amount which may be payable under the uninsured motorist policy?

Plaintiff Continental Insurance Company provides both workers' compensation insurance and uninsured motorist coverage for the City of Farmington. Defendant Michael Fahey worked for the City of Farmington as a police officer. On May 15, 1980, while on duty in his patrol car, Fahey was struck from behind by an uninsured drunk driver and, as a result of the accident, incurred injuries to his back and neck. He returned to work, but in October 1982 he suffered numbness in his face, slurred speech, and loss of equilibrium. Over the next two years, three physicians diagnosed Fahey's condition as multiple sclerosis and on January 24, 1984, he was terminated from his employment because of his declining health and resulting inability to fully perform the duties of a police officer.

In September 1984, a neurologist examined Fahey and concluded that he suffered from cervical cranial syndrome, and that his condition was caused by the May 1980 accident. Fahey then sued for workers' compensation benefits. The trial court found him totally disabled for 110 weeks and awarded compensation of $27,690.30, plus $1,158.04 in medical expenses.

During discovery Fahey learned that as a city employee he was a beneficiary under the city's uninsured motorist policy, and he sought payment of the policy limits. Continental filed a declaratory judgment action in federal district court and Fahey counterclaimed alleging, in part, past and future damages caused by the uninsured motorist's negligence. Request for certification to us to resolve this first-impression question ensued.

We hold that the offset clause of the automobile liability policy contravenes both public policy and the express language of the uninsured motorist statute. The clause is therefore unenforceable.

The question before us arose because of the following clause in Continental's uninsured motorist policy:

> Any amount payable under the terms of this insurance because of bodily injury or property damage sustained in an accident by a person who is an insured shall be reduced by * * * the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law, disability benefits law, or similar law.

Continental justifies this exclusionary clause as one permitted by a Department of Insurance regulation promulgated by the New Mexico Superintendent of Insurance. *See* N.M.Ins.Dept.Reg., Ch. 66, § 5–1–2(6)(C). Because the insurance policy is a valid contract between Continental and the City of Farmington and because the terms are sanctioned by the superintendent, Continental insists that the terms of the contract are enforceable.

The exclusionary clause is not necessarily in accord with the intent of the uninsured motorist statute simply because the superintendent has sanctioned it. We have said that an exclusionary provision in an insurance contract that conflicts with the express language of a statute or with the legislative intent is void. *Chavez v. State Farm Mut. Auto. Ins. Co.*, 87 N.M. 327, 329, 533 P.2d 100, 102 (1975). Although the legislature delegated authority to the superintendent to promulgate regulations, "the legislature did not intend to make the Superintendent's judgment final as to the validity of exclusionary provisions which strike at the heart of the clear purpose of the uninsured motorist statute." *Id.* at 329, 533 P.2d at 102. The exclusionary provision's validity lies in its compatability with the purpose of the insurance statute.

 As a general rule, uninsured motorist policy provisions that limit the insured's recovery of damages are void. Limitations on recovery under the uninsured motorist statute must accord with those set out in the statute. *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 704 P.2d 1092 (1985). The only statutory conditions for entitlement to the benefits of uninsured motorist coverage are that: (1) the injured person be legally entitled to recover damages, and (2) the negligent driver be uninsured. NMSA 1978, § 66–5–301 (Repl.Pamp.1984). "The uninsured motorist statute must be liberally construed to implement this purpose of compensating those injured through no fault of their own." *Chavez*, 87 N.M. at 329, 533 P.2d at 102.

Continental's exclusionary clause contravenes the express language of the uninsured motorist statute which mandates that the uninsured motorist insurer provide a minimum liability. NMSA 1978, § 66–5–215. The exclusionary clause here would unacceptably reduce Continental's liability below the minimum required by statute. *American Mut. Ins. Co. v. Romero*, 428 F.2d 870 (10th Cir.1970). Reliance on the superintendent's regulation will not legitimate an insurer's attempts to reduce its minimum liability or to restrict its insured's entitlement to the coverage the insured paid premiums to receive.

Several New Mexico cases have invalidated uninsured motorist clauses which seek to reduce the minimum liability of an insured's statutory entitlement, or which limit an insured's access to the benefits of the policy. *See Richards v. Mountain States Mut. Casualty Co.*, 104 N.M. 47, 716 P.2d 238 (1986) (invalidating a clause that limited "property" coverage to damage to the insured's vehicle); *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131 (Ct.App.1978) (invalidating a clause that required the insured to sue for coverage within one year); *Chavez*, 87 N.M. at 327, 533 P.2d at 100 (invalidating a clause that excluded the insured from coverage when the insured was riding in an uninsured vehicle; also establishing that the only limits on uninsured motorist protection are those set forth in the statute); *Sloan v. Dairyland Ins. Co.*, 86 N.M. 65, 519 P.2d 301 (1974) (invalidating a clause that enabled insurer to offset "other source" benefits from the policy's liability limit); *American Mut. Ins. Co. v. Romero*, 428 F.2d 870 (10th Cir.1970) (applying New Mexico law and holding invalid an "other source" offset clause, worded almost exact-

ly as Continental's clause here); *Montoya v. Dairyland Ins. Co.*, 394 F.Supp. 1337 (D.N.M.1975) (invalidating a clause requiring physical contact between the insured and the "hit and run" driver).

Continental argues also that invalidation of the workers' compensation offset provision will cause the recipient of both workers' compensation and uninsured motorist coverage to receive a "windfall" or "double recovery." Such an argument is speculative, at the very least, and is not a question raised by the present proceeding because the pending lawsuit is not an action to determine the degree of personal injury liability and damages, but is a suit to declare whether an amount contracted for, within the bounds of plaintiff's injuries, is due and payable. The uninsured motorist coverage is the amount provided by the contract, not an amount representing a tort recovery. *Gantt v. L & G Air Conditioning*, 101 N.M. 208, 680 P.2d 348 (Ct.App. 1983). Because there is no double recovery when an insured receives the benefits that he or she contracted and paid for, the same is true of recovery under an insurance policy purchased by the insured for the benefit of another party. *Gantt.* It will not do to label the receipt of uninsured motorist benefits as a "double recovery" because of the existence of workers' compensation, and thus seek to bar receipt of those benefits because double recovery is contrary to public policy. Such an approach penalizes the insured for his or her providence in purchasing uninsured motorist coverage. As an employee, Fahey is entitled to the benefits purchased by the city under the uninsured motorist policy as well as to worker's compensation, without offset.

We emphasize that we have never declared a worker's compensation judgment to be the full and actual value of the worker's damages. The legislative scheme of the Workers' Compensation Act is to keep the claimant off the welfare rolls, not to provide a complete tort recovery for compensation of all damages suffered. *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App.1976). The legislature, in fact, limited the maximum compensation available under the statute. *See* NMSA 1978, §§ 52–1–41 to –48 (Repl. Pamp.1987). Recognizing the right of an injured worker to recover full compensation for his or her damages, the legislature included a provision dealing with the worker's recovery from a third party tortfeasor. *See* § 52–1–6(D). It was never intended that the worker's compensation award would preclude Fahey or any other injured worker from seeking and receiving full or additional compensation from whatever other sources might be available.

Continental next argues that uninsured motorist coverage is intended to place the injured party in the same position as if the negligent driver had been insured. *Sandoval v. Valdez*, 91 N.M. 705, 580 P.2d 131. Under provisions of the workers' compensation law in effect at the time Mr. Fahey was injured (omitted from the newly-enacted law), an injured party who recovered from a negligent third party tortfeasor was required to reimburse the employer or the workers' compensation carrier to the extent of workers' compensation payments received. NMSA 1978, § 52–1–56(C) (*repealed by* Laws 1987, Ch. 235, § 26). But, as we have said, uninsured motorist recovery is not the same as recovery from a tortfeasor. The *Sandoval* observation, cited above, does not in any way intimate that payment under uninsured coverage equals the "full loss or detriment suffered by the injured party [to make] him financially whole." *Castro v. Bass*, 74 N.M. 254, 258, 392 P.2d 668, 671 (1964). Moreover, the former Section 52–1–56(C) does not apply to benefits received under insurance policies that have been purchased by the worker or for the worker's benefit. "Such 'private' insurance contracts benefit neither the compensation carrier nor the third-party tortfeasor." *Gantt*, 101 N.M. at 214, 680 P.2d at 354. Those policies are solely for the benefit of the innocent and injured insured motorist. It is immaterial that the motorist was also a workman protected by workers' compensation. The coverages are discrete and independent, and premiums were paid for both. *Id.*

Continental is not entitled, under the provision of its uninsured motorist policy, to

offset from any amounts payable thereunder the amount paid under its separate workers' compensation policy. We hold, therefore, that reducing recovery by the amount an injured party receives in workers' compensation is a liability limitation not provided by statute; that it contravenes the legislative intent of the uninsured motorist statute, and that it is, therefore, an unenforceable limitation.

SCARBOROUGH, C.J., and RANSOM, J., concur.