867 P.2d 1157

**Eric DRAPER, Plaintiff–Appellant,**

v.

**MOUNTAIN STATES MUTUAL CASUAL-TY COMPANY, a New Mexico corporation, Defendant–Appellee.**

**No. 20936.**

Supreme Court of New Mexico.

Jan. 5, 1994.

Flinn Wold Attorneys, Alexander A. Wold, Jr., Albuquerque, for appellant.

Bradley & McCulloch, P.A., Gordon J. McCulloch and Lisa M. Tourek, Albuquerque, for appellee.

## OPINION

RANSOM, Chief Justice.

Eric Draper appeals from a summary judgment dismissing his uninsured motorist claim against Mountain States Mutual Casualty Company. The trial court ruled that the claim was precluded by Section 52–5–17 of the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70 (Repl.Pamp.1991 & Supp.1992). We reverse.

*Facts and proceedings.* On November 21, 1991, Draper was involved in an automobile accident with an uninsured motorist while driving a vehicle owned by his employer, Albuquerque Publishing Company. Coverage for Draper's injuries was provided both by the uninsured motorist provisions of the insurance on the vehicle he was driving and by workers' compensation insurance. Mountain States issued each of these insurance policies to Albuquerque Publishing.

Mountain States denied Draper's claim under the uninsured motorist coverage and contended that Draper's sole remedy was through the workers' compensation policy. Draper filed a declaratory judgment action against Mountain States seeking the uninsured motorist benefits. Upon stipulated facts, the parties filed a motion and a cross-motion for summary judgment. The trial court held that the provisions of Section 52–5–17(C) of the Workers' Compensation Act foreclosed Draper's right to make an uninsured motorist claim because he was entitled to workers' compensation benefits.

■ *Standard of review and rules of statutory interpretation.* This appeal turns on the purpose and effect of Section 52–5–17(C). When reviewing statutes, our primary goal is to give effect to the intent of the legislature. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). To determine legislative intent we look first to the plain language of the statute and give words their ordinary meaning unless a different meaning is indicated. *Id.; Schmick v. State Farm Mut. Auto. Ins. Co.,* 103 N.M. 216, 219, 704 P.2d 1092, 1095 (1985). We also may look to the history and background of the statute to determine the meaning of the language. *Blackhurst,* 106 N.M. at 735, 749 P.2d at 1114. If the language of the statute is clear and unambiguous it is to be given effect, *see State v. Jonathan M.,* 109 N.M. 789, 790, 791 P.2d 64, 65 (1990), with the exception that "the intention of the lawmaker will prevail over the literal sense of the terms, and its reason and intention will prevail over the strict letter." *Martinez v. Research Park,* 75 N.M. 672, 677, 410 P.2d 200, 203 (1965). We examine the act in its entirety, construing each section in connection with every other section, *id.; accord Blackhurst,* 106 N.M. at 735, 749 P.2d at 1114, and we will construe the act in harmony with other statutes when possible, *Blackhurst,* 106 N.M. at 735, 749 P.2d at 1114; *see also Quintana v. New Mexico Dep't of Corrections,* 100 N.M. 224, 227, 668 P.2d 1101, 1104 (1983) (the legislature is presumed not to enact one law that is inconsistent with another existing law).

*Section 52–5–17 is a reimbursement statute.* Section 52–5–17 of the Workers' Compensation Act states:

A. The right of any worker ... to receive payment or damages for injuries or disablement occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer ... shall not be affected by the Workers' Compensation Act ..., but the claimant shall not be allowed to receive payment or recover damages for those injuries or disablement and also claim compensation from the employer, except as provided in Subsection C of this section.

B. In a circumstance covered by Subsection A of this section, the receipt of compensation from the employer shall operate as an assignment to the employer or his insurer, guarantor or surety of any cause of action, to the extent of payment by the employer to or on behalf of the worker for compensation or any other benefits to which the worker was entitled under the Workers' Compensation Act ... that were occasioned by the injury or disablement, that the worker or his legal representative or others may have against any other party for the injury or disablement.

C. The worker or his legal representative may retain any compensation due under the uninsured motorist coverage provided in [the uninsured motorist statute, NMSA 1978, § 66–5–301 (Repl. Pamp.1989) ] if the worker paid the premium for that coverage. If the employer paid the premium, the worker or his legal representative may not retain any compensation due under [the uninsured motorist statute] and that amount shall be due to the employer.

The statute originally was comprised of a single paragraph that encompassed Subsections (A) and (B), but in 1990 the legislature divided the statute into Subsections (A) and (B) and added Subsection (C). *See* 1990 N.M. Laws (2d S.S.), ch. 2, § 59.

■ Mountain States argues that the purpose of Section 52–5–17(C) is to prevent an employee from receiving a double recovery *from the employer* by receiving both workers' compensation benefits and uninsured motorist benefits provided by the employer. Draper argues that he is not seeking a double recovery and that he should be entitled to retain the difference between the uninsured motorist benefits and a lesser sum that is due as workers' compensation from the employer or the workers' compensation insurance carrier.

This Court has not interpreted Section 52–5–17 in its current form. We have held, however, that one purpose of Section 52–5–17 is to secure an employer's right to reimbursement. *See Montoya v. AKAL Sec., Inc.,* 114 N.M. 354, 355, 838 P.2d 971, 972 (1992); *see also Continental Ins. Co. v. Fa-*

*hey,* 106 N.M. 603, 606, 747 P.2d 249, 252 (1987) (explaining that under Section 52–5–17, prior to 1990, injured worker was required to reimburse employer or workers' compensation carrier for duplicative compensation received from third-party tortfeasor but not from discrete and independent insurance coverage). The plain language of the post-*Continental Insurance* statute is evidence that the legislature intended to prevent an employee's double recovery from discrete and independent insurance coverage provided by the employer. This is consistent with what we have identified as the broader objective of the statute which is "to achieve an equitable distribution of the risk of loss." *See Montoya,* 114 N.M. at 357, 838 P.2d at 974.

■ *The legislature must have intended that the employee retain uninsured motorist benefits in excess of workers' compensation and related benefits.* Although the statute states that "*any* [uninsured motorist] compensation ... shall be due to the employer" if the employer pays the premium for the uninsured motorist coverage, this Court cannot ignore the clear purposes of Section 52–5–17: reimbursement and equitable distribution of the risk of loss. *See Martinez,* 75 N.M. at 677, 410 P.2d at 203 (stating that the purpose of the statute and intent of the legislature "will prevail over the literal sense of the terms"). The legislature could not have intended that the employer receive more money than it is paying its employee in workers' compensation benefits when it is the employee who suffered the injury.

In *Continental Insurance,* this Court held that the legislature could not have intended to preclude an injured employee from receiving full or additional compensation when it is available from sources other than workers' compensation. 106 N.M. at 606, 747 P.2d at 252. "We emphasize that we have never declared a worker's compensation judgment to be the full and actual value of the worker's damages." *Id.* If precluded from pursuing his claim in this case, Draper would receive less benefits toward making him financially whole than he is entitled to under the uninsured motorist coverage. Thus, we hold that Draper may receive and retain uninsured motorist benefits in excess of what he must reimburse his employer for workers' compen-

sation. To state our holding in the terms used in *Montoya,* 114 N.M. at 358, 838 P.2d at 975, the employer's liability for workers' compensation is reduced by the net amount an employee receives in uninsured motorist benefits under coverage provided by the employer.

■ *Conclusion.* Section 52–5–17(C) does not preclude an employee from retaining the difference between uninsured motorist benefits and workers' compensation benefits, notwithstanding that the employer has paid the premiums for each coverage. The fact that the same insurer issued both policies to the employer is immaterial. If Draper is an insured occupant of the vehicle under the terms of the automobile policy, he is entitled to recover the proceeds of the uninsured motorist coverage subject only to his employer's statutory right to reimbursement for the workers' compensation benefits that it has paid to Draper. It is not determinative that this reimbursement may be no more than a bookkeeping set-off by the insurer, and we find no merit in Mountain States's argument that Draper was indirectly suing his employer in contravention of the Act. Thus, we reverse the summary judgment in favor of Mountain States and remand this case for proceedings consistent with this opinion.

IT IS SO ORDERED.

BACA and MONTGOMERY, JJ., concur.