IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2017-NMSC-003

Filing Date: October 13, 2016

Docket No. S-1-SC-35681

RACHEL VASQUEZ, individually
and as Personal Representative
of the Estate of ANDREW VASQUEZ,
deceased, and JUVENAL ESCOBEDO,

Plaintiffs,

v.

AMERICAN CASUALTY CO. OF
READING, PENNSYLVANIA,

Defendant.

CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO
M. Christina Armijo, Chief U.S. District Court Judge

The Jaffe Law Firm
Mark Steven Jaffe
Albuquerque, NM

for Plaintiffs

Yenson, Allen & Wosick, P.C.
Patrick D. Allen
April D. White
Albuquerque, NM

for Defendant

Jarmie & Associates
Mark D. Standridge
Las Cruces, NM

1

for Amicus Curiae New Mexico Defense Lawyers Association

**OPINION**

**VIGIL, Justice.**

**{1}**    This case comes before the Court by certification from the United States District Court for the District of New Mexico requesting an answer to the following question:

> Is a worker injured in the course of employment by a co-worker operating an employer owned motor vehicle a person "legally entitled to recover damages" under his employer's uninsured/underinsured motorist coverage?

The question arises from an alleged discontinuity among the plain language of New Mexico's Workers' Compensation Act (WCA), the Uninsured Motorist statute, and this Court's case law. Because the WCA provides the exclusive remedy for an employee injured in a workplace accident by an employer or its representative, the employee is not legally entitled to recover damages from the uninsured employer tortfeasor under the Uninsured Motorist statute. We answer the certified question in the negative.

**I.    BACKGROUND**

**{2}**    Andrew Vasquez was killed at the workplace after being struck by a steel beam that fell off of a forklift during the course of his employment at Coronado Wrecking and Salvage (Coronado). A coworker operating the forklift had jumped off to check whether the steel beam being lifted was secure, leaving the forklift unattended as the steel beam slid off of the forks, striking and killing Vasquez. Plaintiff, Vasquez's estate, subsequently collected workers' compensation benefits from Coronado's workers' compensation carrier. Related to the forklift accident, Plaintiff also collected uninsured motorist benefits under Vasquez's own automobile insurance policy.

**{3}**    Seeking to collect uninsured motorist benefits under an automobile insurance policy issued to Coronado by Defendant, American Casualty Company of Reading, Pennsylvania (American Casualty), Plaintiff was denied coverage because Vasquez was not legally entitled to recover damages under Subsection (A) of the Uninsured Motorist statute, NMSA 1978, § 66-5-301 (1983), due to the exclusivity provisions of the WCA, NMSA 1978, § 52-1-6(E) (1990) and NMSA 1978, § 52-1-9 (1973).

**{4}**    Plaintiff sued American Casualty in the Second Judicial District Court. American Casualty removed the case to federal district court and filed a motion to dismiss relying upon this Court's decision in *State Farm Auto. Ins. Co. v. Ovitz*, 1994-NMSC-047, ¶¶ 7, 9-11, 117 N.M. 547, 873 P.2d 979 (concluding that injured motorists "were not 'legally entitled to collect' noneconomic damages" pursuant to an uninsured motorist insurance policy because the accident took place in a no-fault insurance state where the law forbade suit for such

2

damages).

**{5}** The federal district court initially denied the motion to dismiss because of this Court's decision in *Draper v. Mountain States Mut. Cas. Co.*, 1994-NMSC-002, ¶ 10, 116 N.M. 775, 867 P.2d 1157.The *Draper* Court held that the WCA's exclusivity provision does not preclude an employee injured by a third-party motorist from retaining the difference between uninsured motorist benefits and workers' compensation, notwithstanding that an employer paid the premiums on both policies. 1994-NMSC-002, ¶¶ 2, 10; *see also Continental Ins. Co. v. Fahey*, 1987-NMSC-122, ¶ 12, 106 N.M. 603, 747 P.2d 249 ("[T]he [L]egislature . . . never intended that the worker's compensation award would preclude . . . any . . . injured worker from seeking and receiving full or additional compensation from whatever other sources might be available." (citation omitted)), *superseded by statute*, NMSA 1978, Section 52-5-17(C) (1990), *as recognized in Chavez v. S.E.D. Labs.*, 2000-NMSC-034, ¶ 13, 129 N.M. 794, 14 P.3d 532 ("creat[ing] a right of reimbursement in employers for workers' compensation benefits paid when the injured worker has received uninsured motorist benefits from a policy paid for by the employer").

**{6}** The federal district court reconsidered its decision denying the motion to dismiss and vacated its initial order on the basis that Vasquez was killed in an accident caused by his coworker and not a third party. The federal district court then certified the present inquiry to this Court.

## II.     STANDARD OF REVIEW

**{7}** In this case we are called upon to interpret and reconcile the language and policy contained in the WCA, §§ 52-1-6(E) and 52-1-9, and the Uninsured Motorist statute, § 66-5-301(A). In so doing we first turn to the plain language of the relevant statutes to guide our interpretation. *See* NMSA 1978, § 12-2A-19 (1997) ("The text of a statute or rule is the primary, essential source of its meaning."); *see, e.g.*, *State v. Tufts*, 2016-NMSC-020, ¶ 4, ___ P.3d ___ ("We attribute the usual and ordinary meaning to words used in a statute." (citation omitted)). "Our principal goal in interpreting statutes is to give effect to the Legislature's intent." *Griego v. Oliver*, 2014-NMSC-003, ¶ 20, 316 P.3d 865; *see also* § 12-2A-18(A)(1) (stating that if possible, we will construe a statute or rule to "give effect to its objective and purpose"). "Appellate courts review [such] matters of law *de novo*." *Hasse Contracting Co. v. KBK Fin., Inc.*, 1999-NMSC-023, ¶ 9, 127 N.M. 316, 980 P.2d 641.

## III.    DISCUSSION

**{8}** In addressing the question presented we start by setting forth the specific language in the WCA and the Uninsured Motorist statute, and proceed to interpret and reconcile the specific statutory provisions in accordance with existing case law.

### A.      The New Mexico Workers' Compensation Act

**{9}** The WCA immunizes employers who have complied with its provisions and their representatives from suit by employees arising from most workplace injuries. *See* § 52-1-9 (providing "[t]he right to the compensation provided for in [the WCA], *in lieu of any other liability whatsoever*, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where . . . the injury or death is proximately caused by accident arising out of and in the course of his employment" (emphasis added)); *see also* § 52-1-6(E) ("The [WCA] provides *exclusive remedies*. No cause of action outside the [WCA] shall be brought by an employee or dependent against the employer or his representative, including the insurer, guarantor or surety of any employer, for any matter relating to the occurrence of or payment for any injury or death covered by the [WCA]." (emphasis added)). By such exclusivity with respect to actions against employers and their representatives, the Legislature struck a balance meant to benefit both employees and their employers through the workers' compensation program by providing employees with a quick and efficient remedy for any workplace injury, even one resulting in death, while also providing employers with immunity from tort liability and predictability in the aftermath of injury. *See Salazar v. Torres*, 2007-NMSC-019, ¶¶ 10-11, 141 N.M. 559, 158 P.3d 449.

**{10}** While immunizing employers and their representatives from tort liability for workplace injuries, the Legislature also provided for recovery by a worker for injuries caused by a third-party tortfeasor under the WCA's subrogation provision:

> The right of any worker or, in case of his death, of those entitled to receive payment or damages for injuries or disablement occasioned to him by the negligence or *wrong of any person other than the employer* or any other employee of the employer, including a management or supervisory employee, shall not be affected by the [WCA] . . . but the *claimant shall not be allowed to receive payment or recover damages for those injuries or disablement and also claim compensation from the employer*, except as provided in Subsection C of this section.

Section 52-5-17(A) (emphases added). Subsection (C) of the subrogation provision regards uninsured motorist insurance policies, stating that a

> worker or his legal representative *may retain any compensation due under the uninsured motorist coverage provided in Section 66-5-301 NMSA 1978 if the worker paid the premium for that coverage*. If the employer paid the premium, the worker or his legal representative may not retain any compensation due under [New Mexico's compulsory Uninsured Motorist statute], and that amount shall be due to the employer.

Section 52-5-17(C) (emphasis added). While the explicit language in the WCA provides for an exclusive remedy to an injured employee for harm sustained in workplace accidents, we must further examine whether such limitation in remedy is consistent with the provision in

the Uninsured Motorist statute.

## B.    New Mexico's Uninsured Motorist Statute

**{11}**    Under the Uninsured Motorist statute:

> [n]o motor vehicle or automobile liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person . . . shall be delivered or issued for delivery in New Mexico . . . unless coverage is provided . . . in minimum limits for bodily injury or death . . . up to the limits of liability specified in . . . the insured's policy, for the protection of persons insured thereunder who are *legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . .*

Section 66-5-301(A) (emphasis added) (citation omitted). That is, the Uninsured Motorist statute only benefits persons "legally entitled to recover damages from owners or operators of uninsured motor vehicles." Section 66-5-301(A). We consider this phrase to be key to our analysis. We have explained "that the purpose of [the Uninsured Motorist statute] is to protect individual members of the public against the hazard of culpable uninsured motorists. However . . . [w]hile it is important to protect the public from irresponsible or impecunious drivers, uninsured motorist coverage is not intended to provide coverage in every uncompensated situation." *Ovitz*, 1994-NMSC-047, ¶ 12 (internal quotation marks and citations omitted).

**{12}**    *Ovitz* involved a two-vehicle car accident in Hawaii that was covered by insurance contracted in New Mexico. 1994-NMSC-047, ¶¶ 2, 8. At issue was the application of Hawaii's no-fault insurance statute, which foreclosed the plaintiff from bringing a negligence action for noneconomic damages against the tortfeasor, who was self-insured in accordance with Hawaii law. *Id.* ¶ 3. In an attempt to recover noneconomic damages outside of court, the plaintiff made a claim for uninsured motorist benefits under his insurance policy, which the insurer denied. *Id.* ¶¶ 3-4. We held in favor of the insurer, concluding that under the New Mexico Uninsured Motorist statute the plaintiff was "not 'legally entitled to collect' noneconomic damages" from the allegedly uninsured tortfeasor and thereby was not entitled to receive uninsured motorist insurance benefits. *Id.* ¶ 7.

**{13}**    The issue in the instant case, in light of the explicit language of the WCA, is whether Plaintiff is legally entitled to recover damages under Coronado's insurance policy pursuant to the Uninsured Motorist statute, Section 66-5-301(A).

## C.    Plaintiff Is Not Legally Entitled to Recover Damages Because He Was Injured by a Coworker, Limiting His Remedy to That Permitted Under the WCA

**{14}**    Plaintiff argues that the purpose and intent underlying the Uninsured Motorist

statute—"to aggressively expand [uninsured motorist] coverage to protect innocent victims"—should outweigh the purpose of the WCA, which is to strike a balance between tort liability and workers' compensation by affording exclusive remedies. *See* § 66-5-301(A); *Torres*, 2007-NMSC-019, ¶¶ 10-11. To that point, Plaintiff in part relies on an opinion of this Court rejecting limitations on the availability of uninsured motorist benefits to accident victims who were legally entitled to recover damages. *See Boradiansky v. State Farm Mut. Auto. Ins. Co.*, 2007-NMSC-015, ¶¶ 2, 15, 141 N.M. 387, 156 P.3d 25.

**{15}** Plaintiff misapplies our opinion in *Boradiansky*, which held that a claimant is legally entitled to recover damages pursuant to the Uninsured Motorist statute in the context of an express policy exclusion and a limitation on damages in the Tort Claims Act. *Id.* ¶ 1. *Boradiansky* is distinguishable from the present case. The present case involves a statutory bar to a negligence suit by employees against employers or their representatives, as opposed to the policy exclusion and damages limitation that were at issue in *Boradiansky*. *See id.* Unlike in *Boradiansky*, where this Court had to decipher the purpose of the Uninsured Motorist statute, *see id.* ¶¶ 8-10, 15-17, we are persuaded that the legislature engaged in a sufficient balance of competing interests by its express provision of workers' compensation as the exclusive remedy for workplace accidents.

**{16}** Plaintiff also relies on this Court's holding that the subrogation clause of the WCA "does not preclude an employee from retaining the difference between uninsured motorist benefits and workers' compensation benefits, notwithstanding that the employer has paid the premiums for each coverage," with respect to a scenario involving an employee injured by a third-party tortfeasor. *Draper*, 1994-NMSC-002, ¶¶ 2, 10. Plaintiff argues that *Draper* should control the instant case. Yet, Plaintiff ignores the critical distinguishing and dispositive fact that the instant case involves the actions and conduct of a coworker rather than that of a third-party uninsured tortfeasor. *See* § 52-1-6 (E) ("Nothing in the [WCA], however, shall affect . . . the existence of or the mode of trial of any claim or cause of action that the worker has against any person other than his employer or another employee of his employer . . . ."); *see also Draper*, 1994-NMSC-002, ¶ 10 ("find[ing] no merit in [the insurer's] argument that [the employee] was indirectly suing his employer in contravention of the [WCA]").

**{17}** Plaintiff primarily relies on *Draper*, where a plaintiff-employee was injured driving his employer's car in a collision with a third-party, uninsured driver. 1994-NMSC-002, ¶ 2. *Draper* turned on whether a plaintiff-employee would be legally entitled to recover damages for injuries from an accident caused by an uninsured third party, and the Court was focused on the availability of reimbursement to both the employer and employee under the subrogation clause in that unique context. *Id.* ¶¶ 7, 9. In the case before us, the alleged tortfeasor was Vasquez's coworker—a critical distinction from the facts in *Draper*. Unlike the plaintiff-employee in *Draper*, Vasquez was prohibited from pursuing a tort action against, or seeking reimbursement from, the ultimate tortfeasor, his employer Coronado. *See* § 52-1-6 (E). Thus, *Draper* does not control this case, and because the WCA provided the exclusive remedy to Plaintiff for the workplace injury to Vasquez, Plaintiff was not similarly

legally entitled to recover damages under the Uninsured Motorist statute.

**{18}** We hold that an employee injured in a workplace accident caused by an employer or its representative may only seek a remedy authorized under the WCA, and under the WCA such an employee is not legally entitled to recover damages for the purposes of the Uninsured Motorist statute. Given the facts of this case, Plaintiff is not legally entitled to recover damages from Coronado, the tortfeasor and holder of the uninsured motorist policy.

## IV. CONCLUSION

**{19}** We answer the certified question in the negative. Plaintiff is not legally entitled to recover damages from the uninsured tortfeasor, Coronado, because Plaintiff's exclusive remedy was in the workers' compensation forum.

**{20} IT IS SO ORDERED.**

---

**BARBARA J. VIGIL, Justice**

**WE CONCUR:**

---

**CHARLES W. DANIELS, Chief Justice**

---

**PETRA JIMENEZ MAES, Justice**

---

**EDWARD L. CHÁVEZ, Justice**

---

**JUDITH K. NAKAMURA, Justice**

7