698 P.2d 882

STATE of New Mexico, ex rel. Jerry T. DURAN and Joseph Jaramillo, individually, and as members of the New Mexico Board of Barber Examiners, Petitioners-Appellants,

v.

The Honorable Toney ANAYA, Governor of the State of New Mexico, Rosenaldo Casados and Charlie Baca, Respondents-Appellees.

No. 15429.

Supreme Court of New Mexico.

April 26, 1985.

warranto. Both causes of action were consolidated and heard in district court. After a hearing, the district court entered its judgment and order quashing and dismissing with prejudice the Amended Application for Writ of Mandamus and the Complaint of Quo Warranto. We affirm the district court.

The petitioners appeal the quashing of the writ of mandamus, dismissal of the quo warranto complaint, and raise a third issue that removal of petitioners without notice and hearing violates the due process protections of the U.S. Constitution.

Before dealing specifically with the three points raised, we think it important to again restate the significant constitutional concepts of separation of powers and the recognized need for one branch of government not to intrude into the realm of the other unless provided for legally and constitutionally.

■ The governor's appointive and removal power is found in N.M. Const. art. V, Section 5, which provides:

Toulouse, Toulouse & Garcia, James R. Toulouse, Albuquerque, for petitioners-appellants.

Thomas L. Dunigan, Santa Fe, for respondents-appellees.

## OPINION

STOWERS, Justice.

This case involves the basic question of the exercise of executive appointive and removal authority.

The facts in this case involve the appointment of Jerry Duran (Duran) and Joseph Jaramillo (Jaramillo), petitioners to the State Board of Barber Examiners and their removal by Governor Toney Anaya (Anaya), respondent prior to the expiration of their stated terms. Duran's term was to expire June 30, 1985; Jaramillo's term expired June 30, 1984.

The case was initiated by the petitioners filing a petition for a writ of prohibition, which was later amended to be a writ of mandamus. Petitioners then filed a second action against the new appointees in quo

The governor shall nominate, and, by and with the consent of the senate, appoint all officers whose appointment or election is not otherwise provided for, and may remove any officer appointed by him for incompetency, neglect of duty or malfeasance in office. Should a vacancy occur in any state office, except lieutenant governor and member of the legislature, the governor shall fill such office by appointment, and such appointee shall hold office until the next general election, when his successor shall be chosen for the unexpired term.

In construing this provision, this Court held that the governor has the power to remove any officer appointed by him, including those appointed by and with the consent of the Senate, and furthermore, that the governor is not required to make charges, to give notice, or to accord a hearing, before exercising the removal power. *State ex rel. Ulrick v. Sanchez*, 32 N.M. 265, 255 P. 1077 (1926).

## Quashing of Writ of Mandamus.

A writ of mandamus "may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." NMSA 1978, § 44–2–4. However, it appears from the record that neither an alternative nor peremptory writ was issued against the governor; therefore, he was not made a party to the proceeding. Moreover, the writ of mandamus is inapplicable in the present case because it is issued "[w]hen the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it." NMSA 1978, § 44–2–7. The Constitution provides the governor with both appointive and removal powers; therefore, he was within his authority to remove petitioners.

## Dismissal of Quo Warranto Complaint.

An action of quo warranto:

[M]ay be brought by the attorney general or district attorney in the name of the state, upon his information or upon the complaint of any private person, against the parties offending * * * when any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office or offices in a corporation created by authority of this state.

\* \* \* \* \* \*

When the attorney general or district attorney refuses to act, or when the office usurped pertains to a county, incorporated village, town or city, or school district, such action may be brought in the name of the state by a private person on his own complaint.

NMSA 1978, § 44–3–4.

The claims made in the quo warranto complaint are essentially the same as those made in the mandamus proceeding. The complaint alleges that prior to its filing, petitioners requested the attorney general to file the quo warranto action and that he refused. The complaint, however, fails to recognize the constitutional authority of the governor to remove people found in N.M. Const. art. V, Section 5.

Petitioners argue that they can only be replaced as board members pursuant to NMSA 1978, Section 61–17–20(C) (Repl.Pamp.1981 and Cum.Supp.1984) which provides:

The governor may remove any member of the board for the neglect of any duty required by law, for incompetence or for improper or unethical conduct as defined by regulation of the board. Any member failing, after proper notice, to attend any three consecutive meetings of the board without a reasonable excuse shall be automatically removed from the board.

Petitioners argue that Section 61–17–20(C) requires "a complaint against any member containing a list of charges filed in a court of competent jurisdiction, offering board members an opportunity to respond and to have a public hearing, prior to removal by the Governor." Because no such action was ever taken, and since the appointment of the new board members violated state statutes, petitioners argue there was no effective replacement of them as regular board members. We disagree. A plain reading of Section 61–17–20(C) does not require notice and judicial hearing before removal; had this been intended, the Legislature could have included these provisions in the statute. Words used in a statute are to be given their ordinary and usual meaning unless a different intent is clearly indicated. *Winston v. New Mexico State Police Board,* 80 N.M. 310, 454 P.2d 967 (1969). Moreover, this Court will not read into a statute language which is not there, particularly if it makes sense as written. *State ex rel. Barela v. New Mexico State Board of Education,* 80 N.M. 220, 453 P.2d 583 (1969). We therefore hold that Section 61–17–20(C) does not require a judicial hearing. Furthermore, the language of Section 61–17–20(C) is essentially the same as that found in N.M. Const. art. V, Section 5, which has been held not to require notice or hearing before removal. *State ex rel.*

*Ulrick v. Sanchez*, 32 N.M. 265, 255 P. 1077 (1926).

**Violation of Due Process Provisions.**

 Petitioners also argue that as members of the State Board of Barber Examiners, the statutory scheme set out in NMSA 1978, Section 61–17–20 (Repl.Pamp.1981 and Cum.Supp.1984), created a protected property interest and, as such, entitled petitioners to a notice and hearing prior to the deprivation caused by the Governor's actions in removing them from the Board, prior to the expiration of their terms. In the present case, however, the members of the State Board of Barber Examiners are policy-making persons and a policy-making public servant has no property interest in his position. *Mitchell v. King*, 537 F.2d 385 (10th Cir.1976); *Adams v. Walker*, 492 F.2d 1003 (7th Cir.1974). Furthermore, nothing in the U.S. Constitution, statutes, regulations, judicial opinions or custom relating to "political apparatus" contains any clear statement that the petitioners have or that gubernatorial appointees to boards and commissions have any property interest in their appointment. Moreover, the Legislature is silent on this as to property interest. We note that in NMSA 1978, Section 10–9–4(B) (Repl.Pamp.1983), the Legislature views "members of boards and commissions, and heads of agencies appointed by the governor" as a different type of employment by exempting them from coverage of the Personnel Act, NMSA 1978, Sections 10–9–1 to –25 (Repl. Pamp.1983 and Supp.1984). Included in the Personnel Act are rules which provide for "dismissal or demotion procedure[s] for employees in the service, including presentation of written notice stating specific reasons and time for the employees to reply thereto, in writing, and appeals to the board." § 10–9–13(H). By exempting members of boards and commissions and agency heads from the Personnel Act, we note that the Legislature acknowledges that such policy-making positions are different from other types of employment positions and that such category of persons are not entitled to hearings before removal from their positions.

We affirm the district court.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.