2007-NMCA-061

159 P.3d 1132

**STATE of NEW MEXICO, ex rel. HUMAN SERVICES DEPARTMENT OF the STATE OF WASHINGTON, Petitioner–Appellant,**

v.

**Madyleine L. JACKSON, Respondent–Appellee.**

**No. 25,453.**

Court of Appeals of New Mexico.

April 4, 2007.

New Mexico Human Services Department, Sharron S. Davidson, Child Support Enforce-

ment Attorney, Albuquerque, NM, for Appellant.

Madyleine L. Jackson, Alamogordo, NM, Pro Se Appellee.

## OPINION

WECHSLER, Judge.

{1} The opinion filed in this case on March 22, 2007 is hereby withdrawn and the following substituted therefor. The motion for rehearing is denied.

{2} In this case, we interpret provisions of the Public Assistance Act and the Uniform Interstate Family Support Act (UIFSA) to ascertain the authority of the New Mexico Human Services Department (HSD) to bring an action in district court under UIFSA to modify the child support obligation of a non-custodial parent residing in another state. We conclude that UIFSA supplements HSD's authority under the Public Assistance Act and that HSD therefore has the authority to bring an action to modify the child support obligation of a non-custodial parent under UIFSA. We reverse the ruling of the district court.

## BACKGROUND

{3} A Maine court ordered Petitioner Gregory Smith to pay Respondent Madyleine Jackson child support for the parties' child. Subsequently, Petitioner moved to the State of Washington and Respondent moved with the child to New Mexico.

{4} Petitioner applied to the Washington Department of Social and Health Services, Division of Child Support to review the Maine child support order. The Washington department forwarded the petition to HSD, which filed a statement for registration of foreign support order and request for modification under UIFSA in district court. Respondent responded, arguing that the district court should deny the modification.

{5} The district court's domestic violence hearing officer heard the case. The hearing officer issued a report and decision denying the modification on the basis that HSD lacked standing to seek to reduce the child support obligation of a non-custodial parent.

{6} HSD appealed from the hearing officer's report and decision. This Court dismissed the appeal for lack of a final order. On remand, the hearing officer issued an amended report and decision denying the modification for lack of standing, including findings of fact and conclusions of law. The hearing officer concluded that HSD lacked standing to prosecute a reduction of child support on behalf of a non-custodial parent against a custodial parent. HSD filed objections. The district court accepted the amended report, decision, and recommendations of the hearing officer. HSD now appeals from that order.

## SOCIAL SECURITY ACT AND PUBLIC ASSISTANCE ACT

{7} Connecting federal and state statutes govern a state's involvement in the enforcement of child support. Under Part IV–D of the Social Security Act, 42 U.S.C. §§ 651–669b (2000) (Part IV–D), Congress authorized funds to enforce support obligations owed by non-custodial parents, to locate non-custodial parents and establish paternity, and to assure the availability of assistance in obtaining child support for those requesting it. 42 U.S.C. § 651. In order to participate in the federally funded aid to families with dependent children (AFDC) program of the Social Security Act, 42 U.S.C. §§ 601–619 (2000), a state must certify operation of a child support enforcement program under Part IV–D. 42 U.S.C. § 602(a)(2). Part IV–D also mandates that a participating state establish or designate "a single and separate organizational unit" to comply with federal regulations in administering the state's child and spousal support plan under 42 U.S.C. § 602(a). 42 U.S.C. § 654(3).

{8} New Mexico complied with the Part IV–D requirements in the Public Assistance Act, NMSA 1978, §§ 27–2–1 to –4, –7 to –9, –10 to –12, –13 to –15, –17 to –25, –27, –30 to –34 (1973, as amended through 2006). It designated HSD as the state agency to cooperate with the federal government in the administration of the relevant parts of the Social Security Act. Sections 27–2–2(A), –15. It further designated HSD "as the single state agency for the enforcement of child and spousal support obligations" under Part IV–

D. Section 27–2–27(A). In doing so, it empowered HSD with the specific authority to:

(1) establish the paternity of a child in the case of the child born out of wedlock with respect to whom an assignment of support rights has been executed in favor of the department;

(2) establish an order of support for children receiving aid to families with dependent children and, at the option of the department, for the spouse or former spouse with whom such children are living, but only if a support obligation has been established with respect to such spouse or former spouse, for whom no order of support currently exists and seek modification, based upon the noncustodial parent's ability to pay, of existing orders in which the support order is inadequate to properly care for the child and the spouse or former spouse with whom the child is living;

(3) enforce as the real party in interest any existing order for the support of children who are receiving aid to families with dependent children or of the spouse or former spouse with whom such children are living;

(4) provide services to non-aid families with dependent children in the establishment and enforcement of paternity and child support obligations, including locating the absent parent. For these services, the department is authorized to establish and collect fees, costs and charges permitted or required by federal law or by regulations adopted pursuant to that federal law; and

(5) adopt regulations for the disposition of unclaimed child, spousal or medical support payments.

Section 27–2–27(A)(1)–(5).

## UIFSA

{9} New Mexico has adopted UIFSA, NMSA 1978, §§ 40–6A–100 to –903 (1994, as amended through 2005). UIFSA is designed to facilitate the collection of child and spousal support when parents move to another state or live in more than one state. *See Tate v. Fenwick,* 766 N.E.2d 423, 426 (Ind.Ct.App. 2002) (stating that one of the primary purposes of the UIFSA is "to simplify the collection of child support across state lines in today's highly mobile society"). It provides that, regardless of where the parents reside, the support order of only one state applies. *See* UIFSA § 207(b) (amended 2001), 9 (Part IB) U.L.A. 197 (2005). Part IV–D required not only that New Mexico adopt UIFSA, but also that it adopt UIFSA's specific language. 42 U.S.C. § 666(f). All states have enacted UIFSA. 9 (Part IB) U.L.A. prefatory note I, at 162.

{10} Procedurally, UIFSA enables an individual petitioner or a "support enforcement agency" to file a petition to issue, enforce, or modify a support order or determine parentage in an initiating tribunal to be forwarded to a tribunal in the state that has personal jurisdiction over the respondent, the responding tribunal. Sections 40–6A–301, –305. A tribunal is "a court, administrative agency or quasi-judicial entity authorized to establish, enforce or modify support orders or to determine parentage." Section 40–6A–102(24). UIFSA also allows the petition to be filed directly in the responding tribunal. Section 40–6A–301(b). The responding tribunal applies the procedural and substantive laws of its state to the proceedings. Section 40–6A–303(1). If filed in an initiating tribunal, that tribunal has the obligation to forward the petition and accompanying documents to the known responding tribunal or the "support enforcement agency" of the responding state. Section 40–6A–304(a)(1). Upon request, the "support enforcement agency" of the responding state must provide services to the petitioner to obtain jurisdiction over the respondent in the appropriate responding tribunal, obtain relevant information for the tribunal, request a setting, and communicate with the petitioner concerning court notices and jurisdiction. Section 40–6A–307(b)(1)–(6).

{11} UIFSA defines "support enforcement agency" as

a public official or agency authorized to:

(i) seek enforcement of support orders or laws relating to the duty of support;

(ii) seek establishment or modification of child support;

(iii) seek determination of parentage;

(iv) locate obligors or their assets; or

(v) determine the controlling child-support order[.]

Section 40–6A–102(22)(i)–(v).

## HSD AUTHORITY

{12} The issue in this case concerns HSD's authority under UIFSA. Under the Public Assistance Act, HSD does not have the authority to seek a child support modification on behalf of a non-custodial parent. The Public Assistance Act permits HSD to "establish an order of support for children receiving [AFDC]" and to seek to modify a support order by increasing it when it "is inadequate to properly care for" a child and the custodial parent receiving AFDC. Section 27–2–27(A)(2). With respect to non-AFDC families, Section 27–2–27(A)(4) limits HSD's authority to establishing and enforcing a support or paternity obligation.[1] We therefore analyze UIFSA to determine if it provides the additional authority HSD seeks to exercise in this case. We conduct our analysis de novo because it involves determining legislative intent. *State ex rel. Shell W. E & P, Inc. v. Chavez*, 2002–NMCA–005, ¶ 7, 131 N.M. 445, 38 P.3d 886.

{13} UIFSA covers the modification of child support obligations. Section 40–6A–305(b)(1). It authorizes an individual petitioner to file a petition for modification. Section 40–6A–301(b). The petitioner may file a petition in the tribunal of one state for forwarding to the tribunal of the state that has jurisdiction under UIFSA to issue an order. Sections 40–6A–301(b), –304(a)(1). Under UIFSA terminology, the forwarding state is the initiating state, and the state with jurisdiction is the responding state. Section 40–6A–102(7), (18). The authorized tribunal in each state is, respectively, the initiating or responding tribunal. Section 40–6A–102(8), (19). The petitioner may also file directly in a state that has personal jurisdiction over the respondent. Section 40–6A–301(b).

{14} When an initiating tribunal receives a petition, it may forward it either to the responding tribunal or to the appropriate support enforcement agency of the responding state. Section 40–6A–304(a)(1). By doing so, the initiating tribunal triggers Section 40–6A–307, which requires the support enforcement agency to provide services to the petitioner in bringing the petition before the responding tribunal.

{15} The district court in this case held that HSD did not have standing to provide the services addressed by Section 40–6A–307 because HSD's authority was limited to that provided by the Public Assistance Act, which did not authorize HSD to provide services to non-custodial parents seeking to modify a child support obligation. Indeed, we agree with the district court that the Public Assistance Act does not give HSD the authority to provide services to a non-custodial parent in these circumstances. Section 27–2–27(A)(4) allows HSD to act with respect to non-AFDC families only to establish and enforce paternity and child support obligations, not to modify a support obligation. *See State ex rel. Salazar v. Roybal*, 1998–NMCA–093, ¶ 10, 125 N.M. 471, 963 P.2d 548 ("If a family with a dependent child does not receive AFDC, the Department may provide its services under [current Section 27–2–27(A)(4)] under the theory that if the dependent child does not receive parental financial support, the Department may need to step in to provide AFDC assistance."). Moreover, as pointed out by the hearing officer, the Public Assistance Act does not give any authority to HSD to seek to reduce the amount of a child support obligation even on behalf of a custodial parent receiving public assistance. *See* § 27–2–27(A)(2).

{16} But UIFSA embraces a different goal from that of the Public Assistance Act. Although it is mandated by Part IV–D and relates to public assistance, its purpose is to provide efficiency in interstate support proceedings. 9 (Part IB) U.L.A. prefatory note II.B.5., at 163. UIFSA is broader than the Public Assistance Act in that it does not distinguish, as does Section 27–2–27, between individual petitioners who receive public as-

---

1. We note that under NMSA 1978, § 40–4–11.5(A) (1997) and Part IV–D, the Department has obligations under its authority as the state's child support enforcement agency to periodically review and adjust child support orders that could involve a non-AFDC family. *See* § 40–4–11.5(A); 42 U.S.C. § 666(a)(10)(A)(i)(I). That authority is not at issue in this case.

sistance and those who do not. *See* § 40–6A–301(b). In fact, the specific distinction in the provision of services upon which the district court relies is addressed in the comment of the uniform commissioners to Section 307 of UIFSA (Section 40–6A–307). The comment notes that UIFSA makes a substantial change from the previous law and that under UIFSA either an "obligee" or "obligor" may make a request, the request may be to modify support, and the modification may be upward or downward. 9 (Part IB) U.L.A. § 307 cmt., at 213. According to the comment, the "focus of Subsection (a) [of Section 40–6A–307] is on providing services to a petitioner, and not merely on 'representing' the obligee." *Id.*

{17} Additionally, the services required by UIFSA are limited. Under Section 40–6A–307(b), HSD's authority is restricted to obtaining jurisdiction, requesting a hearing, reasonably obtaining all relevant information, and providing notification and information to the petitioner. Section 40–6A–307(b)(1)–(6). It does not include the additional advocacy functions contemplated in establishing and enforcing paternity and child support obligations under Section 27–2–27(A)(4).

{18} We are also guided by the definitional language of UIFSA. *See Henderson v. City of Tucumcari*, 2005–NMCA–077, ¶ 9, 137 N.M. 709, 114 P.3d 389 ("Our starting point is the plain language of the statute."). Section 40–6A–102(22) defines a "support enforcement agency" as an agency authorized to take certain actions. An agency is included in the definition if it has the power to perform any, not all, of the acts associated with child support enforcement. *See Wilson v. Denver*, 1998–NMSC–016, ¶ 17, 125 N.M. 308, 961 P.2d 153 (holding that the use of the word "or" in a statute indicates that any of the listed alternative methods will suffice). We glean from the definition that UIFSA intended to grant authority to provide services under UIFSA to an agency authorized under Part IV–D, regardless of the agency's otherwise stated authority.

{19} In pursuing legislative intent to construe differing statutes relating to the same subject matter, we seek to read the statutes harmoniously, giving effect to the language of each statute. *Jicarilla Apache Nation v. Rodarte*, 2004–NMSC–035, ¶ 15, 136 N.M.

630, 103 P.3d 554. The district court's ruling does not give effect to the language and intent of UIFSA that a support enforcement agency must provide services upon referral from an initiating tribunal whenever a petition is filed. Sections 40–6A–301, –307. To the contrary, it imposes an impediment to the interstate process that was not contemplated by UIFSA. The district court's ruling also does not give effect to UIFSA's definition of "child support agency" that specifically includes an agency authorized to "seek enforcement of support orders or laws relating to the duty of support." Section 40–6A–102(22)(i). The Public Assistance Act confers this authority on HSD as the designated state agency under Part IV–D. We read UIFSA and the Public Assistance Act together such that when the interstate process of UIFSA is involved, UIFSA gives HSD limited authority to act even though it may not do so otherwise.

**CONCLUSION**

{20} We hold that HSD has the authority under UIFSA to provide the services it has undertaken at the request of the Washington Department of Social and Health Services in this case. We therefore reverse the district court and remand for further proceedings.

{21} **IT IS SO ORDERED.**

WE CONCUR: CELIA FOY CASTILLO and MICHAEL E. VIGIL, Judges.