GARCIA, Judge (concurring). {42} I write to concur in the majority decision because the statutory conflict in this case is not reconcilable by any established basis of statutory construction. The means chosen by the majority to resolve the dilemma are in direct contradiction to one of the basic rules of statutory construction, that we will not read into a statute language that is not there. Reule Sun Corp. v. Valles, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611 (filed 2009). Under this decision, we are forced to add the word “solely” to the term “occasioned by” in Section 52-1-11 in order to avoid having two separate definitions and interpretations of the phrase “contributing cause” in Section 52-1-12.1. Our ultimate interpretation also contradicts the Legislature’s express use of the words “occasioned by ... as stated in Section 52-1-11” that were included in Section 52-1-12.1. This Court is only to resort to adding words into a statute when it cannot otherwise make sense of the language used. See State ex rel. Pub. Employees Ret. Ass’n v. Longacre, 2001-NMCA-076, ¶ 9, 131 N.M. 156, 33 P.3d 906, rev’d on other grounds, 2002-NMSC-033, 133 N.M. 20, 59 P.3d 500. In order to resolve this case, it is unfortunate and a measure of last resort that this Court must now utilize such a rare exception to statutory construction that adds significant and material language into Section 52-1-11. {43} Employer presented an even more unappealing construction of the applicable statutes. Employer’s solution would be to give “contributing cause” two separate definitions and interpretations under Section 52-1-12.1. Employer’s interpretation also contradicts our basic rules of statutory construction. {44} A statutory construction analysis begins by examining the words chosen by the Legislature and the plain meaning of those words. State v. Hubble, 2009-NMSC-014, ¶ 10, 146 N.M. 70, 206 P.3d 579. “Under the plain meaning rule, when a statute’s language is clear and unambiguous, we will give effect to the language and refrain from further statutory interpretation.” Id. (internal quotation marks and citation omitted). We must give words their usual and ordinary meaning unless a contrary intent is clearly indicated. State ex rel. Duran v. Anaya, 102 N.M. 609, 611, 698 P.2d 882, 884 (1985). The statutory language “contributing cause” is a common phrase and should generally be given its ordinary meaning. See Black’s Law Dictionary 250 (9th ed.2009) (defining contributing cause as “[a] factor that — though not the primary cause — plays a part in producing a result”). Ortiz has effectively addressed the definition of contributing cause for the purposes of Section 52-1-12.1. Ortiz, 2010-NMSC-021, ¶¶ 22-30, 148 N.M. 405, 237 P.3d 707. Employer does not cite to, and we have not found, any precedent that allows the same phrase in a statute to have two different definitions or meanings when it is applied within the same statutory scheme and subject matter. See ITT Educ. Servs., Inc. v. Taxation & Revenue Dep’t, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are not supported by cited authority). In addition, Employer’s statutory construction would create a new conceptual application of causation. Employer would replace the proximate cause analysis of “occasioned by” that was established in Estate of Mitchum with one that utilizes “oecasioned primarily by” or “occasioned principally by” under Section 52-1-11. See Estate of Mitchum, 113 N.M. at 89-90, 823 P.2d at 331-32. Again this novel concept of primary causation cannot be found in any similar statutory analysis of causation in New Mexico, and no authority has been cited by Employer to support such a concept. See ITT Educ. Servs., 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. {45} It is the longstanding duty of our courts to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible. See El Paso Elec. Co. v. Milkman, 66 N.M. 335, 338, 347 P.2d 1002, 1004 (1959). We have also stated that where there is ambiguity created by statutes, the court will consider all existing statutes relating to the same subject so that, if possible, all of the acts will be made operative. Runyan v. Jaramillo, 90 N.M. 629, 630, 567 P.2d 478, 479 (1977). We must consider the language of an act as a whole and construe each part in connection with every other part so as to produce a harmonious whole. Westgate Families v. County Clerk, 100 N.M. 146, 148, 667 P.2d 453, 455 (1983). I am only concurring with the interpretation of Sections 52-1-11 and 52-1-12.1 because the Employer’s interpretation of these statutes is equally weak, and I cannot find any support for Employer’s position in our precedent or the principles of statutory construction. Even if Employer’s interpretation of “occasioned primarily by” were to be adopted by this Court, the district court did not err in concluding that Worker’s injuries were not occasioned primarily by intoxication. The conclusion of equal causation between the two different causes present at the time of the accident was also supported by the evidence. The outcome of the case would not have changed. {46} We have now done our part to interpret the irreconcilable language that was utilized into Section 52-1-12.1. I would hope that the Legislature will now utilize its authority and policy-making prerogative to clarify its intent and revisit the wording in Sections 52-1-11 and 52-1-12.1.