This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN BURKE,**

Petitioner-Appellant,

v.

**NOS. 33,824; 33,825; & 33,826 (consolidated)**

**KEVIN S. JONES and**
**ANA MARIE JONES,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

John Burke
Albuquerque, NM

Pro Se Appellant

Kevin S. Jones
Altamonte Spring, FL

Ana Marie Jones
Albuquerque, NM

Pro Se Appellees

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}    The multi-appeals in this case arise from the judgment of the district court denying John Burke's (Petitioner) repeated requests for ongoing and back child support under the Kinship Guardianship Act (KGA), NMSA 1978, §§ 40-10B-1 to -15 (2001), and the Uniform Parentage Act (UPA), NMSA 1978, §§ 40-11A-101 to -903 (2009). We affirm.

**BACKGROUND**

{2}    Ana Marie Jones (Mother) and Kevin S. Jones (Father) are the parents of two children. Samantha A. Jones (Child), the child at the center of this litigation, was born August 26, 1995. Petitioner is the former husband of Child's maternal grandmother. Father initiated divorce proceedings and, in January 1998, the parties filed a marital settlement agreement dealing with child custody and support issues. Child was residing with maternal grandparents at the time, and the agreement, which was never adopted by the court, provided that Father would pay $300 per month to grandparents as long as Child was in their care. Three months later, on April 27, 1998, the parties filed an amended marital settlement agreement, which the district court adopted in the final decree. The amended settlement agreement awarded parents joint legal and physical custody of Child and provided that Mother would pay Father $100 per month as child support. A stipulated order modifying custody was subsequently filed on September 9, 2004, in which Mother was awarded sole legal and physical custody of

Child. The order required Mother to pay Father $13 per month as child support for the parties' other child.

{3}     On August 26, 2011, Petitioner initiated this action by filing a petition seeking guardianship of Child under the KGA. After a hearing, which neither Mother nor Father attended, the district court entered an order appointing Petitioner temporary guardian of Child and set the matter for a final hearing. Mother then moved to set aside the temporary kinship guardianship. During the course of the hearing on Mother's motion, the court asked counsel to meet and confer to discuss awarding the appropriate legal status that would be in Child's best interest. Petitioner and Mother, with the assistance of counsel, entered into a stipulated order of limited kinship guardianship, which they addressed with the court some weeks later. The parties agreed, among other things, as follows:

a. Petitioner shall have authority and decision making over all decisions regarding [Child's] education;
b. Mother shall retain all other parental rights and sole decision making authority regarding these rights;
c. The parties agree that Petitioner shall waive any and all past and future child support claims he may have against Mother[.]

The stipulated order, signed by Mother, Petitioner, and their respective counsel, was filed on May 1, 2012. The district court approved and adopted the parties' agreement as an order of the court.

3

{4} After entry of the stipulated order, Petitioner filed no less than five motions seeking ongoing and back child support for Child. On January 29, 2013, Petitioner—through his fourth counsel in the case—filed a motion for current and back child support under the KGA and the UPA, as well as for reimbursement for medical, dental, and tuition expenses. Petitioner argued that the provision in the stipulated order that he would not seek child support was unconscionable and therefore unenforceable. The district court heard argument from the parties and ruled that Petitioner did not have standing to request child support and denied his request. On April 5, 2013, Petitioner, now proceeding pro se, moved to reconsider the court's ruling. After a hearing on the motion for reconsideration and on another motion for current and past child support filed on April 9, 2013, the district court again concluded that Petitioner was not the biological parent or the legal guardian of Child and, therefore, he did not have standing to pursue an action for child support on her behalf.

{5} Petitioner appealed the district court's order denying his motions. This Court first issued a proposed summary disposition proposing reversal with respect to standing, without reaching the merits. We then filed a memorandum opinion reversing the district court's decision and stated that "[o]n remand, the district court will need to consider [Mother's and Father's] various arguments and determine, in the first instance, whether they are required to pay child support to Petitioner." After the proposed summary disposition was filed, but before mandate issued on our final

4

decision, Petitioner filed another motion in the district court for "reasonable compensation for services as guardian and . . . reimbursement for room, board and clothing."

{6}     On remand, guided by this Court's direction, the district court held a hearing to consider Petitioner's motion. The court heard argument as well as testimony from Petitioner, Father, and Mother who appeared either telephonically or in person. On March 20, 2014, the court entered a detailed order denying Petitioner's motion. In addition to the facts set forth above, the district court found that it never transferred the legal rights and duties of a parent to Petitioner, nor did it appoint Petitioner as Child's kinship guardian. In addition, the stipulated order was a final order on the guardianship and child support issues. The district court concluded that Petitioner's request for back child support had been adjudicated and was barred by the doctrine of res judicata and that Petitioner expressly waived any claim against Mother for back child support in the stipulated order. Further, Petitioner failed to state a claim for ongoing child support because he failed to allege a substantial and material change of circumstances that would warrant modification of child support. Lastly, the district court concluded that, because Petitioner had never been legally responsible for the care and maintenance of Child, he was not entitled to an award of back or ongoing child support.

{7} A month after entry of the March 20 order, Petitioner filed a motion for summary judgment for custody of Child retroactive to February 1996 and for child support. The district court determined a hearing was unnecessary but nevertheless entered detailed findings and conclusions. The court addressed the motion as a motion to reconsider and noted that in his ongoing effort to recover child support, Petitioner was now seeking to have the court award him custody of Child retroactive to February 1996. After setting out the factual history concerning Child's legal and physical custody, the court concluded that Petitioner had never been legally responsible for the care of Child and that it could not retroactively modify prior orders to establish that Petitioner had custody. The district court denied Petitioner's motion and stated that it would not consider any subsequent pleadings on the reimbursement and compensation issue. This appeal followed.

**DISCUSSION**

{8} The pro se Petitioner's brief in chief is, at best, difficult to understand. He fails to provide an adequate factual background with citations to the record or relevant legal authorities that support his arguments. Nevertheless, we presume that Petitioner is contending that the district court erred in failing to award him and/or Child past and ongoing child support under the KGA and the UPA.

{9} On appeal, we review the setting of child support for an abuse of discretion. *See Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. We determine that

a district court has abused its discretion "when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (internal quotation marks and citation omitted). This appeal, however, has less to do with the district court's discretion in awarding support as it does with whether Petitioner has a right to such support in the first instance and whether he can bring an action for support on behalf of Child. To the extent that such a determination involves interpretation of the KGA and UPA, the appellate courts review issues of statutory interpretation de novo. *Hovet v. Allstate Ins. Co.*, 2004-NMSC-010, ¶ 10, 135 N.M. 397, 89 P.3d 69. We begin with whether Petitioner or Child have a right to past and ongoing child support under the KGA and then consider whether any right exists under the UPA.

**The District Court Did Not Err in Denying Petitioner's Motion for Child Support Under the Kinship Guardianship Act**

{10}    The district court denied Petitioner's requests for current and past child support under the KGA because it found that Petitioner had not been appointed as the kinship guardian of Child. The district court also found that Petitioner's limited appointment, as set forth in the stipulated order of limited guardianship, did not transfer the legal rights of Mother, including with respect to child support, to Petitioner. Although Petitioner continues to argue on appeal that he is entitled to child support under the

rights afforded to guardians in the KGA, we conclude that the district court properly denied his motion. We explain.

{11}     The KGA allows a district court to appoint a guardian for a minor when certain conditions have been met. *See* § 40-10B-8(B). And, as Petitioner properly observes, Section 40-10B-8(D) provides that once a guardian has been appointed,

> [a]s part of a judgment entered pursuant to the [KGA], the court may order a parent to pay the reasonable costs of support and maintenance of the child that the parent is financially able to pay. The court may use the child support guidelines set forth in Section 40-4-11.1 NMSA 1978 to calculate a reasonable payment.

The issue that is problematic for Petitioner is that a "judgment" was never entered in this case, and he was never appointed Child's permanent kinship guardian.

{12}     Petitioner initiated this action by filing a petition for order appointing kinship guardian. The district court appointed Petitioner temporary guardian of Child on January 23, 2012, based solely on the representations in his petition and without hearing from Mother and Father. At the March 12, 2012 hearing on Mother's motion to set aside kinship guardianship, the district court correctly observed that it had no discretion to appoint Petitioner permanent kinship guardian of Child without first appointing a guardian ad litem (GAL) and conducting a hearing. *See* § 40-10B-9(A) (requiring appointment of a GAL if a parent objects to the appointment); §§ 40-10B-7 and -8 (setting requirements for scheduling a hearing, elements of proof, and burden of proof). The court thus advised the parties that if Petitioner wished to pursue a

8

permanent kinship guardianship, the court would have to appoint a GAL for Child and would have to conduct a full hearing on the matter subject to the requirements of the KGA. The parties agreed instead to try and resolve their issues, and Petitioner never sought permanent guardianship of Child under the KGA again.

{13}     Petitioner and Mother entered into a stipulated order of limited guardianship, which provided that Petitioner would "have authority and decision making over all decisions regarding [Child's] education[,]" and that Mother would "retain all other parental rights and sole decision making authority regarding [those] rights[.]" More importantly, the order stated that "[t]he parties agree that Petitioner *shall waive any and all past and future child support claims* he may have against Mother[.]" (Emphasis added.) The court-approved stipulated order was a final order on the guardianship and child support issues. Notably, it did not appoint Petitioner the kinship guardian of Child nor did it propose to transfer the legal rights and duties of a parent to Petitioner. We recognize that Petitioner, although under no legal obligation to do so, greatly assisted in financially supporting Child. However, the district court in this case did not enter a "judgment" pursuant to the KGA that would entitle him to any claim for child support and, moreover, Petitioner specifically waived any such claim in the stipulated agreement.

{14}     To the extent that Petitioner contends he is bringing a child support action on behalf of Child, that argument must fail as well. The KGA provides that, once a

9

guardian has been appointed, with certain exceptions not relevant here, the guardian has the legal rights and duties of a parent. Section 40-10B-13. Thus, while it is conceivable that a court-appointed guardian may have the right to seek child support in the minor child's name, we need not reach that issue because Petitioner was never appointed Child's guardian. Consequently, he had no legal authority to bring an action on her behalf. The district court properly denied Petitioner's motion for child support under the KGA.

**The District Court Did Not Err in Denying Petitioner's Motion for Child Support Under the Uniform Parentage Act**

{15}     Petitioner also appears to argue that he is entitled to bring an action for ongoing and past child support under the UPA. Again, he contends that he is seeking compensation both on his own behalf and as an interested party in Child's name. The district court found that, since dissolving their marriage, Mother and Father had dealt with custody and child support issues through their stipulated agreements and orders filed with the court. Petitioner was not a party to those agreements and orders, and he did not have legal custody of Child during her minority. Therefore, he could not pursue an action on his or Child's behalf. We agree.

{16}     It is undisputed that natural parents are legally obligated to financially support their children. *Tedford v. Gregory*, 1998-NMCA-067, ¶ 24, 125 N.M. 206, 959 P.2d 540. And child support is provided for the child's benefit. *See State ex rel. Salazar v.*

*Roybal*, 1998-NMCA-093, ¶ 7, 125 N.M. 471, 963 P.2d 548. The question we must answer in this case, however, is whether Petitioner has standing to seek past and ongoing child support from Mother and Father either on his own behalf or as an interested party on Child's behalf.

{17}     Under the UPA, standing to adjudicate parentage and past child support may be maintained by the following:

> A.     the child;
> B.     the mother of the child;
> C.     a man whose paternity of the child is to be adjudicated;
> D.     the support-enforcement agency;
> E.     an authorized adoption agency or licensed child-placing agency; or
> F.     a representative authorized by law to act for a person who would otherwise be entitled to maintain a proceeding but who is deceased, incapacitated or a minor.

Section 40-11A-602; *see Salazar*, 1998-NMCA-093, ¶ 4 (holding that a twenty-year-old child was an interested party and eligible to seek child support); *Tedford*, 1998-NMCA-067, ¶ 13 (same). A review of the above statutory provisions establishes that Petitioner does not meet any of the criteria that would authorize him to pursue a cause of action for retroactive child support.

{18}     As the district court noted, when Mother and Father divorced, they initially filed a marital settlement agreement that provided that as long as Child resided with her maternal grandparents, Father would pay $300 per month directly to them. That agreement, filed on January 22, 1998, was never adopted as an order of the court, and

11

it was amended three months after filing. The amended marital settlement agreement, adopted as an order of the court, provided that Mother and Father would have joint legal custody of both children, that Father would have primary physical custody, and that Mother would pay Father $100 per month as child support. In 2004, Mother and Father filed a stipulated order modifying custody in which Mother was awarded sole legal and primary physical custody of Child. Mother was ordered to pay Father $13 per month as child support. That order stayed in place until Child emancipated on August 26, 2013. Throughout Child's minority, all custody and child support issues were addressed through Mother's and Father's various stipulated agreements and orders filed with the district court. None of those agreements or orders placed custody of Child with any other person. Petitioner points to no provision in the UPA that allows him standing to maintain a proceeding under these circumstances, and we can find none.

{19} The only section of the UPA that would confer upon Petitioner standing to bring an action as an interested party is Section 40-11A-602(F). However, Petitioner has never been "a representative authorized by law" to act for Child. *See id.* Any attempt by Petitioner to argue otherwise must fail in light of the stipulated order of limited kinship guardianship, which provided that Petitioner's rights were limited to making educational decisions, that Mother retained all other parental rights and sole decision-making authority regarding those rights, and which waived Petitioner's right

to all child support claims against Mother. We reiterate that Mother's and Father's child support obligations were set forth in the various marital settlement agreements. "Modification of support obligations is strictly a matter to be determined by the courts." *Britton v. Britton*, 1983-NMSC-084, ¶ 29, 100 N.M. 424, 671 P.2d 1135. Although Petitioner's self-imposed expenditures appear to have been substantial, he never petitioned to modify the child support terms in light of any asserted change in circumstances within the context of the divorce action. The district court properly disallowed these claims.

**{20}** Lastly, Petitioner does not have standing to bring an action in Child's name. As the district court advised Petitioner, Child is an adult and can act on her own, independently of Petitioner. Thus, until the age of twenty-one, Child is eligible to seek past child support from her parents if she so chooses. *See Salazar*, 1998-NMCA-093, ¶¶ 3, 4; *Tedford*, 1998-NMCA-067, ¶ 13. The district court did not err in denying Petitioner's motion under the UPA.

**{21}** Before we end our discussion, we pause to acknowledge—as did the district court—that Petitioner, Mother, and Father all love Child deeply and want the best for her. Indeed, it appears Child is an intelligent, accomplished, and mature young woman and that Petitioner is largely responsible for much of her social well-being and academic success. Sadly, however, the parties' bickering and hostility toward each other have done nothing to help this family create a healthy, workable relationship for

13

the benefit of Child. We hope that Petitioner and parents can set aside their animosity and work together to help Child continue to succeed in life and flourish in all her future endeavors.

**CONCLUSION**

{22}    The decision of the district court is affirmed.

{23}    **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**